UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEFFREY S. HITCHCOCK, a single person,<br><br>    Plaintiff,<br><br>    v.<br><br>THE CITY OF MOSES LAKE, MOSES LAKE POLICE DEPARTMENT, POLICE CHIEF DEAN MITCHELL, CORPORAL AARON HINTZ, OFFICER BRANDON BERNARD, and JOHN DOE(S),<br><br>    Defendants. | NO: 2:14-CV-0371-TOR<br><br>ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER |

BEFORE THE COURT is the parties' stipulated Motion for Protective Order (ECF No. 11).  The matter was submitted for consideration without oral argument.  The Court has reviewed the motion and the file therein and is fully informed.

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER ~ 1

ACCORDINGLY, IT IS HEREBY ORDERED:

1. Plaintiff's attorneys and Plaintiff will not disclose or share any part of the "Protected Documents" described below or any information gleaned from said documents with any person, except as expressly provided herein.

2. The Protected Documents covered by this Order of the court are described as follows:

    a. All records contained in the personnel files and disciplinary files for Corporal Aaron Hintz and Officer Brandon Bernard as may be disclosed by said Defendants to Plaintiff pursuant to Plaintiff's First Set of Interrogatories and Requests for Production to Moses Lake Police Department;

    b. All civilian, inmate or internal and external complaints related to Corporal Aaron Hintz and Officer Brandon Bernard as may be disclosed by said Defendants to Plaintiff pursuant to Plaintiff's First Interrogatories and Requests for Production to Moses Lake Police Department;

3. Plaintiff's attorneys agree that prior to any disclosure of Protected Documents as described in this Order, they will obtain from each proposed recipient of the Protected Documents their signature on a copy of the Protective Order that states that the recipient has received a copy of the Protective Order regarding the Protected Documents and agrees to be bound by such order. By signing a copy of the Protective Order the recipient agrees that he or she has read

the order, represents that he or she is a person permitted to have access to information from the Protected Documents and agrees that he or she will make no further disclosure of the information received, will personally protect the confidentiality of all copies and will either return them to Plaintiff's attorneys at the conclusion of this case, or will at that time personally destroy them and upon request from Defendants will provide a sworn affidavit that he or she has done so.

4. Subject to the terms of this Order, Plaintiff's attorneys may allow inspection of Protected Documents or discuss the contents of Protected Documents or information therefrom with the following categories of persons and no other:

    a. The attorneys and members of the legal and support staff of Plaintiff's attorneys' office;

    b. Experts, consultants or investigators retained by Plaintiff's attorneys to assist in evaluation, preparation or testimony in this case;

    c. Any court personnel, court reporter, mediator, judge and or jury in this case;

    d. Any party or their designated representatives;

    e. Any actual or potential witness who it is believed will give relevant testimony regarding the confidential materials;

    f. Any person testifying at a deposition who it is believed will give relevant testimony regarding the confidential materials; and

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER ~ 3

        g.      Any person identified as having authored or previously received the material.

    5.      If it becomes necessary for either party to submit a Protected Document to the court, that party shall inform opposing counsel with sufficient time prior to the filing of the Protected Document such that opposing counsel can note a motion to seal the Protected Document. A motion to seal will not be granted unless the motion and supporting documents establish compelling reasons to seal.

    6.      The Plaintiff's attorneys agree to use the Protected Documents or information obtained from them only for the purpose of prosecuting this litigation.

    7.      At the time of exchange of exhibit lists, the Plaintiff shall list in the exhibit list for their case in chief any Protected Document they intend to use at the time of trial by designating the exhibit as a "PROTECTED DOCUMENT" in capital letters. The Defendants may request an in camera review of the exhibit and make the appropriate motion for the handling of the document at trial in accordance with the Jury Trial Scheduling Order.

    8.      Nothing in this Protective Order shall limit any producing party's use of its own documents nor prevent any producing party from disclosing its confidential information to any person.

    9.      The Court retains jurisdiction to make any amendments, modifications or additions to this Protective Order as it deems appropriate.

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER ~ 4

10. The parties, by stipulation, may add additional documents to be covered by the Order.

The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** April 1, 2015.



THOMAS O. RICE
United States District Judge

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER ~ 5